FILED
8/3/2022 2:44 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 225th District Court

Case 5:22-cv-00973-OLG   Document 1-1   Filed 09/07/22   Page 1 of 9

2 CITS PPS  SAC3

CAUSE NO. 2022CI08810

| | | |
|---|---|---|
| MARY ANN SHELTON | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 225th JUDICIAL DISTRICT |
| WESTPOND UNIT, II, LTD. AND | § | |
| PF WESTPOND, LLC | § | |
| | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

NOW COMES MARY ANN SHELTON hereinafter called Plaintiff in the above-entitled and numbered cause, and files this her Original Petition and Request for Disclosure complaining of and about Defendants, WESTPOND UNIT, II, LTD. and PF WESTPOND, LLC ("Westpond" or "Defendants") for cause of action would respectfully show the Court and Jury the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends to conduct discovery under Level 3, pursuant to the Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Rule 169.

Because Plaintiff in Texas civil court matters are required to plead a level of a damages in accordance with the Texas Rules of Civil Procedure, Plaintiff hereby pleads that she seeks monetary relief of over $200,000.00 but not more than $1,000,000.00 at this time. Plaintiff reserves the right to amend her claims for relief should it become necessary at some time in the future.

### II.

### PARTIES AND SERVICE

Plaintiff, MARY ANN SHELTON, is a resident of Bexar County, Texas.

Defendants, WESTPOND UNIT II, LTD. is a limited liability corporation duly authorized and licensed to do business in the State of Texas with its principal place of business at 1850 Lockhill-Selma, Ste. #100, San Antonio, TX 78213. They can be served by serving their registered agent for service: Stephen Miller, 1850 Lockhill-Selma, Ste. #100, San Antonio, TX 78213, or wherever else he may be found.

Defendants, PF WESTPOND, LLC is a limited liability corporation duly authorized and licensed to do business in the State of Texas with its principal place of business at 51 Asilomar Rd., Laguna Niguel, CA 92677. They can be served by serving their registered agent for service: Stephenson Fournier, PLLC, 3355 West Alabama, Ste. 640, Houston, TX 77098, or wherever else they may be found.

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named here in.

### III.

### VENUE

Venue is proper in Bexar County, Texas in that all or a substantial part of the events or omissions giving rise to this cause of action occurred within Bexar County, Texas.

### IV.

### FACTS

On or about September 4, 2020, Plaintiff was a tenant who lived in apartment located at the Westpond Apartments, 190 Horal St., San Antonio, TX 78227 – qualifying her as an invitee under Texas law. Normally, Plaintiff paid her rent via an online portal set up and controlled by Defendant. Due to online system issues with the payment portal, Plaintiff was unable to access the system. Without any other option available, Plaintiff was forced to visit the leasing office to

pay her rent in person by physically dropping off her rent check. Leaving from the leasing office, Plaintiff's foot caught on a piece of unmarked elevated concrete/sidewalk rising above the adjacent surface. Plaintiff tripped on the unmarked, uneven, unreasonably dangerous surface (hereinafter referred to as the "sidewalk lip.") that was the only pathway coming to and leaving



the leasing office. The sidewalk lip is evidenced by the photo inserted to the right. Plaintiff tripped on the sidewalk lip, fell, and collided with her vehicle parked directly in front of the leasing office and landed on her left wrist causing a traumatic injury requiring immediate medical attention and emergency surgery.

Plaintiff immediately reported the incident to the office manager who made an incident report. As stated, the presence of an unreasonably dangerous condition on the premises owned and controlled by Defendants caused Plaintiff to suffer serious bodily injuries requiring immediate surgical intervention to repair the damage to her broken wrist. At the time of the fall, Defendants had extended an open invitation to the public, including Plaintiff, to enter the premises. Consequently, Plaintiff was a tenant to whom Defendants owed a duty to use ordinary care and including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.  Defendants are liable under premise liability law. Furthermore, as Defendants are Landlords, they possess a duty to make their property safe and habitable for the tenants as per the Texas Property Code section 92.006(c). Defendants knew or should have known of the unreasonably dangerous conditions created by the sidewalk lip which has

apparently been there for years. Defendants either created the dangerous conditions or failed to ameliorate the dangerous conditions once they became aware of their existence.

Defendants failed to exercise ordinary care to protect Plaintiff from the dangerous conditions by both failing to adequately warn of the dangerous conditions and failing to make the conditions reasonably safe. At all times, Defendants retained control of the sidewalk and the parking lot where Plaintiff was injured. Such negligence was a proximate cause of the occurrence in question and of Plaintiff's resulting injuries and damages.

## V.

## RESPONDEAT SUPERIOR

At all times material hereto, all agents, servants, and/or employees of Defendants were acting within the course and scope of employment and/or their official duties.

Therefore, Defendants, are responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees pursuant to the Doctrine of *Respondeat Superior*.

## VI.

## PREMISES LIABILITY

At all relevant times, Defendants was the owner and was in possession of the premises located at 1980 Horal St., San Antonio, TX 78227.

Plaintiff was a tenant of the Defendants' apartment complex and as such entered the premises with Defendants' knowledge and for their mutual benefit – making Plaintiff an invitee. The sidewalk lip posed an unreasonable risk of harm. Additionally, this risk of harm was increased simply by its location alone – directly in front of the leasing office.

Defendants had a duty to use ordinary care to ensure that the premises did not present a

danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached its duty of ordinary care by:

1. Failing to maintain the premises in a reasonably safe condition;
2. Failing to protect and safeguard invitees such as Plaintiff from unreasonably unsafe and dangerous conditions;
3. Failing to reduce or eliminate the risk associated with an unreasonably unsafe and dangerous condition; and
4. Failing to warn of the risk associated with an unreasonably unsafe and dangerous condition.

Each and all the above acts and/or omissions constitute negligence, negligence per se and premises liability, and the same are a proximate cause of the serious injuries and damages sustained by Plaintiff.

Additionally, Plaintiff asserts that the acts and/or omissions committed by Defendants alleged herein constitutes gross negligence and that the same were done or failed to be done, in a manner which demonstrated heedless and reckless disregard for the rights, welfare and safety of the Plaintiff and others similarly situated. Defendants were aware of the dangerous sidewalk lip and has been for years. Defendants have continued to fail and refuse to correct the dangerous condition demonstrating its reckless disregard for the safety of Plaintiff and others similarly situated. Therefore, Plaintiff pleads for exemplary damages in an amount in excess of the minimal jurisdictional limits of the Court which is sufficient to punish Defendants and to deter others from engaging in the same or similar conduct.

## VIII.

## GROSS NEGLIGENCE

As a proximate result of Defendants' gross, willful and and/or wonton misconduct as

described above, Plaintiff seeks to have exemplary damages awarded against Defendants in an amount within the jurisdictional limits of this Court. Specifically, Defendants knew of the condition and/or had knowledge but failed to take action to reduce or eliminate the condition and still have failed to level the sidewalk lip.

Defendants acts and omissions, whether taken singularly or cumulatively, described above, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Nevertheless, Defendants with subjective awareness of the risks involved, proceeded with actual conscious indifference to the rights, safety and welfare of the Plaintiff and the public. Defendants were aware of the risks and chose to proceed with a reckless disregard to safety and is guilty of "gross negligence," as that tern is defined in the Texas Civil Practices and Remedies Code, Chapter 41. Each and every one of the acts or omissions which constitute gross negligence was done or not done by a vice-principal and/or was ratified by the company and/or vice-principals of the company. These acts and omissions were a proximate cause of the injuries to the Plaintiff. These failures include corporate level decisions and/or decisions by vice-principals and/or ratification or authorization by the company and/or vice principals.

The wrongful acts and omissions of Defendants, as described above are the type of conduct for which the law allows the imposition of exemplary damages since it constitutes gross negligence. When viewed objectively from Defendants' standpoint at the time of the occurrence, Defendants conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff. Therefore, Plaintiff seeks exemplary damages.

Defendants had an uneven sidewalk creating a sidewalk lip for years, if not decades. After being made aware of Plaintiff's fall, the Defendants has not remediated the dangerous condition. The sidewalk lip is in violation of multiple San Antonio building codes and ordinances as well as state codes and ordinances.

The above acts and omissions which occurred over months, years, and probably decades indicate the Defendants conscious indifference to the public and its disabled customer. The Defendants knew or should have known of these violations but did nothing to reduce the harm for months or years.

## IX.

## DAMAGES

Plaintiff, as a direct and proximate result of the fall and the aforesaid negligence of Defendants, has incurred the following damages:

a) reasonable and necessary medical expenses in the past;

b) reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

c) physical pain suffered in the past;

d) physical pain which, in all reasonable probability, will be suffered in the future;

e) mental anguish suffered in the past;

f) mental anguish which, in all reasonable probability, will be suffered in the future;

g) physical impairment in the past;

h) physical impairment which, in all reasonable probability, will be suffered in the future;

i) lost wages in the past;

j) lost wages which, in all reasonable probability, will be suffered in the future;

k) loss of household services;

l) Past and future loss of enjoyment of life;

m) disfigurement suffered in the past; and

n) disfigurement which, in all reasonable probability, will be suffered in the future.

## XI.

## REQUESTS FOR DISCLOSURE

Under the Texas Rule of Civil Procedure 194, Defendants is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## XII.

## JURY DEMAND

Plaintiff demands a jury trial and tender the appropriate fee with the filing of this Petition.

## XIII.

## CONDITIONS PRECEDENT

All conditions precedent, if any, to Plaintiff's causes of action asserted herein have either occurred, been performed, been waived or been excused.

## XIII.

## NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7

Plaintiff hereby reserves the right to use any and all documents produced by each party in discovery against that party in any pre-trial hearing or at trial of this matter.

## XIV.

## PRAYER

Plaintiff prays that Plaintiff be awarded a judgment against Defendant for the following:

1. Actual damages in an amount in excess of the jurisdictional limits of this Court;

2. Mental anguish damages;

3. Exemplary damages;

4. Prejudgment and post judgment interest at the maximum legal rate;

5. Court costs, including discretionary costs; and

6. All other relief, whether at law or in equity, to which Plaintiffs are justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Defendants for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

PATTERSON LAW GROUP

/s/ Chris Mazzola
W. Travis Patterson
State Bar No. 24080095
Tennessee W. Walker
State Bar No. 24066253
Kolter R. Jennings
Bar No. 24094048
Travis J. Heller
Bar No. 24104180
Chris Mazzola
State Bar No. 24069114

PATTERSON LAW GROUP
200 Concord Plaza, Suite 750
San Antonio, Texas 78232
817.784.2000 – phone/fax
210.874.2424 – phone
legal@pattersonpersonalinjury.com
ATTORNEYS FOR PLAINTIFF